```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
TRUSTEES OF THE NORTHEAST
CARPENTERS HEALTH, PENSION,
ANNUITY, APPRENTICESHIP, and              MEMORANDUM & ORDER
LABOR MANAGEMENT COOPERATION              No. 20-CV-1574(JS)(ARL)
FUNDS,

                    Petitioners,

     -against-

WESTERN CONTRACTORS, LLC,

                    Respondent.
---------------------------------X
APPEARANCES

For Petitioners:    Nicole Marimon, Esq.
                    Virginia & Ambinder, LLP
                    40 Broad Street, 7th Floor
                    New York, New York 10004

For Respondent:     No appearance.
```

SEYBERT, District Judge:

Presently before the Court is the petition of Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds ("Petitioners" and/or the "Funds")[1] seeking to confirm an

---

[1] The Funds were established for the benefit of the North Atlantic States Regional Council of Carpenters, f/k/a the New England Regional Council of Carpenters (hereafter, the "Union"). The Union and Respondent are parties to a series of collective bargaining agreements ("CBAs"; singularly, "CBA"). (See Petition ¶¶ 1, 10-13.)

arbitration award against Respondent Western Contractors, LLC ("Respondent") (hereafter, the "Petition").  (See Petition, ECF No. 1; see also Support Memo, ECF No. 4.)  Petitioners allege Respondent failed to remit an estimated principal deficiency to certain employee benefit plans pursuant to CBAs, Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. (Petition ¶¶ 1, 15.)  When Respondent failed to remit the delinquent contribution, Petitioners sought and secured an arbitration award in their favor for the monies due (hereafter, the "Award").  (Id. ¶¶ 16-20.)  Despite issuance of the Award, Respondent still did not pay Petitioners the monies due them.  (See id. ¶ 21.)

Thereafter, on March 27, 2020, Petitioners sought relief in this Court.  (See generally Petition.)  On September 29, 2020, after Respondent failed to appear in this action and the deadline to do so had passed, Petitioners requested the Court deem its Petition an unopposed motion for summary judgment.  (Sept. 29, 2020 Request Letter, ECF No. 9.)  Now, for the reasons stated herein, the Court deems the Petition to be an unopposed summary judgment motion and GRANTS Petitioners' Petition to confirm the Award.

BACKGROUND

The Court assumes the parties' familiarity with the relevant facts giving rise to this Petition. For the readers' convenience, the following summary is provided.

I. Generally

Petitioners Trustees of the Northeast Carpenters Health, Pension, Annuity and Apprenticeship Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA and are fiduciaries of the ERISA Funds. (Petition ¶ 4.) And, Petitioners Trustees of the Northeast Carpenters Labor Management Cooperation Fund (the "Labor Management Fund") are employer and employee trustees of a labor management cooperation committee. (Id. ¶ 5.) Conversely, Respondent is a New York State business corporation and, at relevant times, was an employer (1) pursuant to ERISA (2) that, pursuant to LMRA, operated within an industry affecting commerce. (Id. ¶ 6.)

II. Respondent's Obligations Giving Rise to the Subject Award

In late-September 2018, Respondent entered into a CBA with the Union. (Id. ¶ 7; see also CBA, Ex. A, and CBA Signature Page, Ex. B.[2]) The CBA obligates Respondent to, among other things, make contributions to the Funds for all work done within the trade

---

[2] Note: Unless otherwise stated, all cited exhibits are attached to the Petition.

and geographical jurisdiction of the Union and comply with the Funds' agreements, declarations of trust, plans, rules, policies, and regulations. (See Petition ¶¶ 8-9 (citing CBA, Art. 16, Sections 1 & 3).) One of those policies includes the Collection Policy, which allows the Funds to compute the estimated amount of contributions due by an employer who fails to submit required reports to the Fund. (See id. ¶ 10; see also id. ¶ 11 (citing Collection Policy, Ex. C, Art. III, § 3.2).) The Collection Policy also establishes applicable interest on delinquent contributions and the formula for determining liquidated damages when the Funds seek an arbitration award. (See id. ¶¶ 12-13 (citing Collection Policy, Art. II, § 2.1(D), and Art. VI, § 6.1, respectively).)

After Respondent failed to submit reports and contributions owed to the Funds for the period from August 1, 2019 to September 30, 2019, in accordance with the Collection Policy, the Funds estimated Respondent failed to remit an estimated principal deficiency of $23,619.96. (Petition ¶¶ 14-15.) Thus, it commenced an arbitration proceeding compliant with the Collection Policy which resulted in the subject Award being issued in the Fund's favor. (Id. ¶¶ 16-20 (citing, inter alia, Award, Ex. E).) The December 2, 2019 Award was for $30,260.34, consisting of the estimated deficiency of $23,619.96, interest thereon of $266.39, liquidated damages of $4,723.99, attorneys' fees of $900.00, and the arbitrator's fee of $750.00. (Id. ¶ 20 (citing

Award).)  Respondent has not satisfied the Award.  (Id. ¶ 21.)

III. Procedural Background

Petitioners timely commenced this action on March 27, 2020, within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.  (Cf. Award (dated Dec. 2, 2019), with Petition (filed Mar. 27, 2020).)  In addition to the $30,260.34 Award amount, pursuant to ERISA, Petitioners also request their attorneys' fees and costs in bringing this action (see Petition ¶¶ 24-31), and interest from the date of the Award through the date of judgment (see id., WHEREFORE clause, ¶ 2).

After properly serving Respondent (see SUMMONS Returned Executed, ECF No. 8), Petitioners requested their "[P]etition be reviewed as a motion to confirm the arbitration award and be deemed unopposed."  (Request Letter.)  In response, the Court issued an electronic Order, which provided:

> On June 11, 2020, Petitioner served Respondent via the New York Secretary of State.  The Court notes that the petition indicates Respondent's principal place of business as 663 Sacandaga Road, Fort Johnson, New York 12070. Accordingly, on or before October 7, 2020, Petitioner shall re-serve Respondent with the summons, petition, supporting papers, and this Electronic Order at its principal place of business.  Respondent shall file a response within 30 days after service.  At that time, the Court will decide whether it will deem the petition unopposed.

(Sept. 30, 2020 Elec. Order.)

After serving the Court's September 30, 2020 Electronic Order upon Respondent (see Aff. of Serv., ECF No. 10), on November 10, 2020, Petitioners filed another letter with the Court seeking its clarification regarding Petitioners' receipt of a purported motion to dismiss the Petition by Respondent's principal, Larry D'Ambrosio.  (See Clarification Letter, ECF No. 11, and purported Dismissal Motion, Ex. A, attached to Clarification Letter.) Thereafter, the Court issued another electronic Order: (1) placing Respondent on notice that, as an artificial entity, i.e., a limited liability company, it cannot proceed in federal court on a pro se basis, but must be represented by counsel; (2) affording Respondent 30 days to retain counsel to make an appearance on its behalf; (3) and warning Respondent that if it did not retain counsel, the Court would decide the Petition as unopposed.  (See Nov. 12, 2020 Elec. Order.)  Petitioners served Respondent with the November 12, 2020 Order.  (See Cert. of Serv., ECF No. 12.)  Since then, there has been no activity in this case.  (See Case Docket, in toto.)

DISCUSSION

I. Applicable Law

The law regarding unopposed petitions seeking confirmation of arbitration awards is well-established.  As Chief Judge Brodie has recently explained:

> When a motion to confirm an arbitration award is accompanied by a record, the petition and accompanying record should [be] treated as

akin to a motion for summary judgment based on the movant's submissions. Where a motion for summary judgment is unopposed, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed. In doing so, the court may rely on other evidence in the record even if uncited.

Although a summary judgment standard is applied to arbitration confirmation proceedings, a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential — indeed, among the most deferential in the law. Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected. The arbitrator's rationale for an award need not be explained, . . . only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award. Accordingly, courts play only a limited role when asked to review the decision of an arbitrator.

Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds, v. Upstate Interiors, LLC, No. 19-CV-0326, 2021 WL 2576938, *3 (E.D.N.Y. June 23, 2021) (internal quotations, modifications, and citations omitted); see also Finkel v. J&H Elec. Contracting, Inc., No. 22-CV-4293, 2023 WL 3948752, at *3 (E.D.N.Y. June 12, 2023) (articulating same standard for confirming an arbitration award).

II. Analysis

    A. Confirmation of the Arbitration Award

Upon the record presented, confirmation of the Award is warranted. First, "[b]ecause Petitioners' motion to confirm the . . . [A]ward is accompanied by the CBAs, the Collection Policy, the Notice of Intent to Arbitrate, and the arbitrator's [A]ward, there is sufficient record for the Court to review Petitioners' application as an unopposed motion for summary judgment." Upstate Interiors, 2021 WL 2576938, at *3 (citation omitted). Second, as Petitioners assert: (1) Respondent is bound to the CBAs with the Union, which "binds Respondent to the Collection Policy"; (2) Respondent failed to remit an estimated principal deficiency of $23,619.96, "thereby authorizing the Funds to initiate arbitration"; and (3) the arbitrator acted according to the CBA and Collection Policy in "order[ing] Respondent to pay the Funds the estimated principal deficiency, as well as interest thereon, liquidated damages, attorneys' fees, and the arbitrator's fee." (Support Memo at 3, 4.) And, the Award has not been vacated or modified. (Petition ¶ 22; see also Support Memo at 4 (stating Award "has not been vacated, modified, or corrected").) Upon careful review of the record, the Court agrees.

Moreover, as Chief Judge Brodie found in the analogous Upstate Interiors case, here: (1) the "[A]ward has, at a minimum, 'a barely colorable justification,'" since, by not appearing at

the arbitration hearing, "Respondent did not contest the amounts owed or submit evidence rebutting Petitioner's documents, and the arbitrator's decision addressed the issues presented," 2021 WL 2576938, at *4 (citations omitted); (see also Award, in toto); (2) "the CBAs and Collection Policy provide for the remedies awarded by the arbitrator," id. (citation omitted); (see also Petition, ¶¶ 14, 16-18, 20; Award at 1); and (3) "[t]he arbitrator's [A]ward reflects a considered judgment and there is no genuine dispute of material fact."  Id.  Therefore, the Court confirms the Award of $30,260.34 and further awards Petitioners interest from the date of the Award through the date of judgment.

        B.    Award of Attorneys' Fees and Costs

"A district court must award attorneys' fees and costs in a successful ERISA action that results in judgment in favor of the [petitioning Funds]."  Upstate Interiors, 2021 WL 2576938, at *4 (citations omitted).  Here, the Funds seek $820.00 in attorneys' fees and costs incurred in bringing this Petition. (See Petition, WHEREFORE clause, ¶ 3.)  The Court applies the firmly established analysis regarding the award of attorneys' fees and cost, as articulated by this Court in, e.g., Gesualdi v. Bestech Transportation, No. 14-CV-1110, 2022 WL 866853, at *2-3 (re: attorneys' fees), *5 (re: costs) (E.D.N.Y. Mar. 23, 2022), with which the Court assumes familiarity and which is incorporates by reference herein, to the instant requests.

### 1. As to Attorneys' Fees

Attorney Marimon was the sole attorney who worked on this case. She has billed for one hour's time at $350.00 per hour; no other time has been billed. (See Petition, ¶¶ 26, 29; see also Attorneys' Bill, Ex F.) At the time the instant Petition was filed, Attorney Marimon had been practicing for approximately six years "handl[ing] the prosecution of, and serv[ing] as lead counsel on, numerous ERISA collections actions." (Id. ¶ 26.) However, her billing rate has generally been reduced to $250.00 per hour. See Upstate Interiors, 2021 WL 2576938, at *6 (collecting cases awarding Attorney Marimon a $250.00 hourly rate). Nonetheless, and despite the scant biographical information supplied by Attorney Marimon, cf., e.g., Flores v. Mamma Lombardi's of Holbrook, Inc., 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015) ("biographical information concerning the attorneys for whom charges were submitted [ ] is required to evaluate experience levels"); Pilitz v. Inc. Vill. of Freeport, No. 07-CV-4078, 2011 WL 5825138, at *5 (E.D.N.Y. Nov. 17, 2011) ("Where, as here, the moving party fails to provide any biographical information to support the reasonableness of the rates, the court may use its discretion to award fees at a lower rate than requested."), considering the range of awards for senior associate attorneys handling ERISA cases, in its discretion and in this instance, the Court awards Attorney Marimon an hourly rate of $300.00. Said

rate is to be applied to Attorney Marimon's one hour of time billed, which amount of time the Court finds reasonable.

2. As to Costs

Petitioners also seek to recoup their costs of $470.00, which is attributed to the Court's filing fee of $400.00 and the $70.00 fee incurred for serving Respondent with the Petition. (See Petition ¶ 30.) For the reasons articulated below, Petitioners' full costs are awarded.

a. The Court's Filing Fee

"[A] court may take judicial notice of the payment of a filing fee and, therefore, award that cost." Rudler v. Houslanger & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *12 (E.D.N.Y. 2020) (citing Litkofsky v. P&L Acquisitions, LLC, No. 15-CV-5429, 2016 WL 7167955, at *12 (E.D.N.Y. Aug. 19, 2016) (collecting cases)). Hence, the Court takes judicial notice that on March 27, 2020, Plaintiff paid the $400.00 filing fee when it commenced this action. (See Case Docket, Mar. 27, 2020 Docket Entry "CIVIL CASE FILING FEE: $400" (identifying receipt no. ANYEDC-12598451).) Since the Court records easily substantiate this cost, it is awarded to Plaintiff.

b. The Service Fee

"In the absence of adequate substantiation, a party is not entitled to recover costs." Div. 1181 Amalgamated Transit Union—N.Y. Emps. Pension Fund v. D & A Bus Co., 270 F. Supp. 3d

593, 628 (E.D.N.Y. 2017) (citing Douyon v. N.Y. Med. Health Care, P.C., 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (declining to award costs due to an absence of documentation); Joe Hand Promotions, Inc. v. Elmore, No. 11-CV-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 29, 2013) (same)). Nevertheless, "[a]lthough Petitioners do not provide receipts to substantiate their request for service fees of [$70.00], the Court finds that such amount is reasonable." Upstate Interiors, 2021 WL 2576938, at *6 (collecting cases demonstrating a $75.00 service fee sought to be reasonable). Therefore, Petitioners are also awarded their $70.00 cost of service.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

I.  Petitioners' Petition (ECF No. 1) to confirm the Award in the amount of $30,260.34, plus direct interest be accrued until entry of Judgment, is GRANTED;

II. Petitioners are also awarded $300.00 in attorneys' fees and $470.00 in costs;

III. Petitioners are to mail a copy of this Memorandum and Order to Respondent and thereafter file proof of said service; and

[Remainder of page intentionally left blank.]

IV. After entry of Judgment in Petitioners' favor, the Clerk of Court is to close this case.

**SO ORDERED.**

 /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    January 25, 2024
          Central Islip, New York